**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-11239**
**Summary Calendar**
_____

**JERRY LUCKMAN,**

                               **Plaintiff-Appellant,**

**versus**

**UNITED PARCEL SERVICE; ET AL,**

                               **Defendants,**

**UNITED PARCEL SERVICE, INC.,**

                               **Defendant-Appellee.**

_____

Appeals from the United States District Court
for the Northern District of Texas
3:00-CV-0739-G
_____
June 6, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

      Jerry Luckman, a black man of Ethopian origin, sued his employer, United Parcel Service ("UPS"), under Title VII (42 U.S.C. § 2000e) and 42 U.S.C. § 1981. Luckman alleges that he was unlawfully subjected to a hostile work environment, disparate treatment, and retaliation based on his race and national origin.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court granted summary judgment for UPS, and we affirm.

We review a district court's grant of summary judgment de novo, applying the same standard set forth in Fed. R. Civ. P. 56(c). Fierros v. Texas Dept. of Health, 274 F.3d 187, 190 (5th Cir. 2000). "Claims of racial discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII." LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 n. 2 (5th Cir. 1996). We turn now to the merits of Luckman's claims.

First, the district court concluded that Luckman had failed to create a fact issue as to each element of a hostile work environment claim: (1) racially discriminatory intimidation, ridicule and insults that are (2) sufficiently severe or pervasive that they (3) alter the conditions of employment and (4) create an abusive working environment. Walker v. Thompson, 214 F.3d 615, 625-26 (5th Cir. 2000). In determining whether a working environment is abusive, all circumstances must be considered, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Id. (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993)). Furthermore, the Supreme Court has held that whether a work environment is hostile is an objective inquiry based on what " a reasonable person would find hostile or abusive." Harris, 510 U.S. at 21. Although he

2

alludes to "repeated actions of humiliation," Luckman alleges only that (1) he was suspended with pay while UPS tested his cognitive ability and communication skills and (2) he was sometimes required to work alone under what he believed were hazardous conditions. Clearly, Luckman has fallen short of creating a fact issue on this claim. No reasonable juror could conclude that these working conditions, even when viewed in the light most favorable to Luckman, created an abusive working environment, as that term has been developed in Supreme Court and Fifth Circuit caselaw.

Second, the district court concluded that Luckman did not make a prima facie case of disparate treatment because he has not suffered an adverse employment action. Luckman insists that his work assignments, written warnings, and denial of an ID constitute adverse employment actions for the purposes of Title VII liability. But, even assuming that Luckman's assignments were more hazardous than they would have been if two mechanics had been working, he has failed to show an adverse employment action. Breaux v. Garland, 205 F.3d 150, 157 (5th Cir. 2000)("'Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands.'")(quoting Pierce v. Texas Dept. of Criminal Justice, 37 F.3d 1146, 1149 (5th Cir. 1994)).

As Luckman has not suffered an adverse employment action, we need not address whether he has presented "direct evidence" of racial animus in the form of a memorandum written by a nurse. As the Eleventh Circuit has explained, "The plaintiff must show that

3

an adverse employment action was taken against him regardless of whether he is relying on direct evidence of discrimination or employing the burden-shifting approach established in McDonnell Douglas Corp. v. Green, . . . for cases in which only circumstantial evidence is available." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1231 (11th Cir. 2001).

Third, the district court ruled that UPS is entitled to summary judgment on Luckman's claim for retaliation under Title VII. To demonstrate a claim for retaliation, Luckman would have to prove that (1) he was engaged in a protected activity, (2) he suffered an adverse employment action, and (3) a causal connection existed between the participation in the activity and the adverse employment action. Walker, 214 F.3d 615, at 628-29. This court has interpreted "adverse employment action" to refer only to ultimate employment decisions, such as "hiring, granting leave, discharging, promoting, and compensating." Id.; see also Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (5th Cir. 1997). The employment decisions of which Luckman complains are not the kind of decisions actionable under Title VII or § 1981.

The summary judgment for UPS is therefore **AFFIRMED**.